## Commonwealth v. Zerbey. No. 1

*H. O. Bechtel,* for petitioner.

*C. A. Snyder,* district attorney, and *R. A. Freiler,* deputy district attorney, contra.

Hicks, J., June 8, 1931.—On May 5, 1931, there appeared an article in the Pottsville Evening Republican under the following headlines: "Court Orders

Investigation of City Council;" "Dist. Atty. Snyder to Determine if Mayor and Council Should be Removed." Inter alia, the article set forth: "By direction of the Court, District Attorney C. A. Snyder will institute an investigation of the city administration of Pottsville, and ascertain whether there are just grounds for the removal of the Mayor and members of City Council under charge of misdemeanor in office. . . . The people of Pottsville have been shocked for some time past by the evidences of inefficiency, disregard for public protests, intolerable public conduct and administration of public affairs. This came to a head through an appeal by citizens of the city to the Court for relief, and it was in response to this appeal that the matter was referred to the District Attorney. . . . there are numerous complaints of settlement of cases and discharges of serious offenses on minor charges that do constitute misdemeanor in office if found to be correct, and the penalty for such might mean dismissal from office and further punishment. There are also allegations that money was expended without legal authorization for junketing trips. It is not known whether these charges were made in the complaint to the Court, but they have been made by citizens and will possibly be made the subject of investigation by the District Attorney's office. . . ."

On the same day, Thomas B. Shoener, a member of city council and superintendent of accounts and finance, before Alderman Faulls, swore to an information charging J. H. Zerbey, president of the publishing corporation, with libel, based upon the article just referred to, a copy of which newspaper was attached to the information and made a part thereof by its very terms.

On the following day, in its issue of May 6, 1931, appeared an article under the headlines, "City Official Investigation is Under Way" and "District Attorney's Office Acts Promptly in City Probe," in which, inter alia, it stated, "Investigaton of the alleged illegal activities of members of the city administration has been started by District Attorney Snyder's office as a result of charges made by the Taxpayers' Ass'n, which alleges improper handling of cases of felony and makes other allegations which were referred to the District Attorney's office by President Judge Koch on May 2nd. . . . Suit for libel was entered by one of the councilmen on the ground that the information published Tuesday was at fault and had not been obtained by proper authority. District Attorney C. A. Snyder, when told that the charge had been made that the 'Republican' had published without authorization or justification the story that the Court directed an investigation of the Mayor and City Council of Pottsville, said that the information had been given by himself to a representative of the 'Republican' who had approached him on the subject and that the statements contained therein were correct. He said: 'Judge Koch turned over to me a communication the District Attorney's office had received from Robert Bostock, representing the Taxpayers' Association, along with a letter suggesting that the matter be thoroughly investigated by the District Attorney's office to ascertain whether city officials of Pottsville were guilty of violations in disposing of cases. I then regarded and now regard this letter of the President Judge as virtually direction or order to proceed to determine the truth or the falsity of the charges made in the communication. As District Attorney, I informed the "Republican" that their information was correct that an investigation had been ordered by me and was being conducted and that it would be made thoroughly, and if information is developed warranting prosecutions, etc., the office will so report to the Court and proceed accordingly.' "

On May 13, 1931, the said Thomas B. Shoener, upon the presentation of a petition therefor, procured the issuance of a rule by this court on Hon. C. A. Snyder, District Attorney, to show cause, if any he has, why the prayer of the

petitioner should not be granted and the court appoint a special district attorney to draw up and sign the indictment and to have charge of the prosecution of the case of Commonwealth of Pennsylvania *v.* J. H. Zerbey, which petition was filed in this court on May 14, 1931, and the rule was made returnable on May 25, 1931.

"About" May 15, 1931, the alderman made his justice's return in this case to the district attorney's office, which return counsel for the prosecutor and petitioner admits is insufficient in law upon which to base a bill of indictment charging libel, because the return does not contain a copy of the alleged libelous article which in these words was a part of it, "did write, print, publish and cause to be circulated in said issue the following article, a copy of which is hereto attached and made part hereof." To the return was fastened a note from the alderman in the following language: "The original information is on file in my office, together with a copy of the publication, in which it is claimed it is of libelous nature." This justice's return was entered to the above number and term on May 27, 1931, prior to the hearing upon the petition of the prosecutor and the answer of the district attorney.

The foregoing is a fair statement of the admissions in the pleadings and the evidence adduced at the time of the hearing.

We will discuss the basis of the rule to show cause why the court should not appoint a special district attorney with authority to draw up and sign the indictment and to take charge of the prosecution seriatim. But before doing so we will refer to the Act of March 12, 1866, P. L. 85, which the petitioner urges is ample authority for the desired action of the court in the light of the allegations in the petition.

Section one of the Act of 1866, supra, provides as follows: "If any district attorney . . . shall neglect or refuse to prosecute, . . . any criminal charge, regularly returned to him; . . . or if, at any stage of the proceedings, the district attorney . . . and the private counsel, employed by the prosecutor, should differ, as to the manner of conducting the trial, it shall be lawful for the prosecutor to present his petition . . . to the court, . . . setting forth the character of the complaint; . . . whereupon, if the court shall be of the opinion that it is a proper case for a criminal proceeding, or prosecution, it shall be lawful for it to direct any private counsel . . . to conduct the entire proceeding, and where an indictment is necessary, to verify the same, by his own signature, as fully as the same could be done by the district attorney. . . ."

We will now discuss the reasons alleged in the petition, and argued as coming within the purview of the Act of 1866, supra, upon which the petitioner asks us to substitute other counsel to prosecute the case.

1. "That the said district attorney is interested in the outcome of the said prosecution, being interested in the cause of the defendant and will in all probability be a witnesss for the defendant at the trial of said cause." The answer denies that he is interested, and no evidence was introduced for the purpose of showing what his interest in the outcome of the said prosecution might be or how and in what manner he is interested. This allegation also says that he "will in all probability" be a witness for the defendant. We cannot base our action upon probability, nor can we infer that he will be a witness because of his having given the admitted interview published on May 6, 1931. The Act of 1866, supra, does not comprehend the situation where the district attorney "in all probability" will be a witness for the defendant, unless his interest as a witness or other interest not developed in evidence should cause him to neglect or refuse to prosecute, which nowhere appears in this case.

2. "That the said district attorney gave out an interview which was published in the paper of the defendant on Wednesday evening, May 6, 1931, . . . wherein and whereby he sought to defend and excuse the action of the defendant complained of by your petitioner and stated that the article complained of was based on information furnished by him to the said defendant. . . ." The respondent admits that he gave out the interview attributed to him in the newspaper article, but he denies that he sought thereby to excuse and defend the action of the defendant. Even if the allegation is true, although we do not assume to pass upon the motives of the district attorney in giving out the interview, it would not be sufficient basis upon which to invoke the statutory power of the court under the Act of 1866, supra, because it does not tend to prove, nor could it well do so at this stage of the proceedings, that he will "neglect" or "refuse" to prosecute; nor does it show that he and private counsel differed "as to the manner of conducting the trial."

3. ". . . that his cause has been and will be prejudiced by the action of the district attorney and that it will be impossible for his private counsel, H. O. Bechtel, Esq., and the district attorney to agree on the manner of conducting the trial under these circumstances." It may be that through the publication of this interview in a newspaper in this county, from the body of which the jurors must be drawn, of the circulation of the Pottsville Evening Republican, the cause may be prejudiced, but on this point we reach no conclusion and have nothing further to say than that this is not a reason, under the Act of 1866, supra, for the action desired on our part by the petitioner. We do add that a public official, who is part and parcel of the judicial machinery, should never, under any circumstances, in any way discuss any matter or thing which relates in any fashion to any pending litigation. As to the allegation "that it will be impossible" for private counsel and the district attorney to agree on the manner of conducting the trial under these circumstances is not now in the realm of certainty, either by the pleadings or by the evidence. No disagreement has been shown between them "as to the manner of conducting the trial," and until such agreement arises, under the Act of 1866, supra, the court cannot act.

4. "And that under the circumstances of this case, it is improper and indelicate for the said Hon. C. A. Snyder to act as district attorney." With this, we have nothing to do in this proceeding. The private counsel for the prosecutor and attorney for the petitioner in this case bases this reason upon Com. *v.* McHale, 97 Pa. 397. On page 406, the Supreme Court declared: ". . . where he neglects or refuses to act, or where, from the circumstances of a given case, it is improper and indelicate for him to act, it is competent for the legislature to afford a remedy." But a reading of the Act of 1866, supra, will show that the prayer of the petitioner in this case could only be granted upon three grounds, to wit, where the district attorney (1) neglects or (2) refuses to prosecute any criminal charge regularly returned to him, and (3) if at any stage of the proceedings he and the private counsel of the prosecutor should differ as to the manner of conducting the trial. The act says nothing about impropriety and indelicacy on the part of the district attorney to act as a basis for his substitution. In the case just referred to, the District Attorney of Schuylkill County, A. W. Shalck, Esq., refused to sign and send before the grand jury bills of indictment prepared by private counsel because he disagreed with private counsel, in that he urged that the bills of indictment did not correctly state the facts concerning which the prosecution was brought. The court gave the district attorney an opportunity to sign the bills of indictment or to present others, which he refused to do, and thereupon, upon the petition of the prosecutor, W. J. Whitehouse, it appointed private counsel employed by the prosecutor to

820

conduct the entire proceedings and to verify the indictments by his own signature. But we have nothing of that nature in this case.

As to whether the information is faulty or not, as the return contains it and as it is now entered in this court, although counsel for the prosecution say it is, we pass no opinion at this time. The district attorney has entered the case, and failure to enter it before the day of the hearing is not complained of.

For the reasons that no bases for our action under the Act of 1866, supra, have been presented to us, either in the petition filed or the evidence introduced at the time of the hearing, we must discharge the rule. If a situation under the act does arise, it can be dealt with later.

And now, June 8, 1931, the rule heretofore issued in this case is hereby discharged.

From M. M. Burke, Shenandoah, Pa.